FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 AUG 21  PM 2: 18

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

JAMES E. BOYLE, individually and o/b/o
DIANA BOYLE,

        Plaintiffs

vs.

CELEBRATION RESIDENTIAL OWNERS,
ASSOCIATION, INC., ("CROA") a Florida Not For Profit
Corporation and CAPITAL CONSULTANTS
MANAGEMENT CORPORATION ("CCMC") a Florida
Corporation.

        Defendants.

CASE NO.: 6:17cv1530-orl-40DCI

:

/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, **JAMES E. BOYLE** individually and on behalf of **DIANA BOYLE,** by and through undersigned counsel, and for his Complaint against the Defendants would state as follows:

### JURISDICTION AND VENUE

1.     This Court has original jurisdiction over the action pursuant to 28.U.S.C. Sec. 1331 and 1343 for Plaintiff's claims arising under the Fair Housing Act ("FHA"), 42 U.S.C. 3604 AND 28 U.S.C. Sec. 1331 and 42 U.S.C. Sec. 12188 for Plaintiff's claims arising under Title III of the Americans with Disabilities Act ("ADA" and its implementing regulations).

2.     Venue is proper in the Middle District of Florida, under 28 U.S.C. Sec. 1391(b) because the claim arose in this judicial district.

### PARTIES

3.     The Plaintiff, **JAMES E. BOYLE**, is a resident of Osceola County, Florida and is otherwise *sui juris*. He is the father and natural guardian of **DIANA BOYLE**.  He resides at 600 Nadina Place, Celebration, Fl. 34747.

4.     The Plaintiff, **DIANA BOYLE,** is a qualified person with a disability by virtue of her numerous medical conditions and is therefore a qualified person with a disability pursuant to the definitions of disability under the Americans with Disabilities Act of 1990, the Fair Housing Amendments Act of 1988 and the Florida Fair Housing Act. She resides at 600 Nadina Place, Celebration, Fl. 34747.

5.     The Plaintiff, **DIANA BOYLE,** is afflicted with Cerebral Palsy and is substantially impaired in major life activities and requires a motorized wheelchair for mobility. Ms. Boyle is unable to stand or walk without assistance.

6.     Due to her disability, one of the only few sources of physical activity Plaintiff **DIANA BOYLE** is able to enjoy is the use of a swimming pool.

7.     The Defendant, Celebration Residential Owners Association, ("CROA") is a Florida Not For Profit Corporation licensed and doing business in Osceola County, Florida.

8.     The Defendant CROA is a Florida community association which functions in accordance with provisions of Chapter 720 Florida Statutes, all applicable county ordinances, state statutes and Federal Laws and regulations.

9.     The Defendant CROA owns and operates five (5) swimming pools located in the Celebration, Florida community, to wit, the Lakeside Pool located at 631 Sycamore Street, Celebration, Fl. 34747 and the Spring Lake Pool located at 1360 Ponce Drive, Celebration, Fl. 34747, East Crescent Park Pool located on Eastlawn Drive, Celebration North Village: The Commons Pool located on Celebration Blvd. and Spring Park Pool located at Heritage Hall.

10.     The Defendant Capital Consultants Management Corporation, ("CCMC") is the management agent of CROA and is responsible for the management of the residential portion of Celebration, including the management and maintenance of the aforementioned five (5) swimming pools.

## SUMMARY OF THE FACTS

11.     On or about July 12, 2016, Plaintiff **JAMES E. BOYLE** decided to go the Spring Lake Pool with his disabled daughter, Plaintiff **DIANA BOYLE.** When they arrived at the pool, the handicap lift was not in operation and Plaintiff **DIANA BOYLE** was unable to utilize the pool.

12.     On or about July 12, 2016, Plaintiff **JAMES E. BOYLE** contacted Rebekah Gaston, the aquatics manager for CCMC, and was advised that the battery in the handicapped pool lift at Spring Lake Pool was probably dead, and she would have someone fix it as soon as possible.

13.     On or about July 29, 2016, Plaintiff **JAMES E. BOYLE** decided to go to the Spring Lake Pool with his disabled daughter, Plaintiff **DIANA BOYLE.** When they arrived at the pool, the handicap lift was still not in operation and Plaintiff **DIANA BOYLE** was unable to utilize the pool once again.

*14.*     On or about July 29, 2016, Plaintiff **JAMES E. BOYLE** forwarded a certified letter to Celebration Town Hall Parks and Recreation Department advising that the handicap lifts at the Spring Lake Pool remained inoperable, and that he had advised the Parks and Recreation Department several times over a course of weeks of the problem. *(A copy of the Certified Letter is attached hereto as Exhibit "A").*

*15.*     Plaintiff **DIANA BOYLE** has not been able to utilize the Spring Lake Pool since July 2016, because the handicap lift has remained inoperable.

16.    The Spring Lake pool is owned and operated by Defendant CROA and managed by Defendant CCMC.

17.    At all times relevant to these proceedings, both Defendants had knowledge that the handicap lift at Spring Lake Pool was inoperable.

18.    The Lakeside Park Pool is owned and operated by Defendant CROA and managed by Defendant CCMC.

19.    At all times relevant to these proceedings, both Defendants had knowledge that the handicap lift at Lakeside Park Pool was inoperable.

20.    The Spring Park Pool is owned and operated by the Defendant CROA and managed by Defendant CCMC.

21.    At all times relevant to these proceedings, both Defendants had knowledge that the handicap lift at Spring Park Pool is inoperable.

22.    The Celebration North Village: The Commons Pool is owned and operated by the Defendant CROA and managed by CCMC.

23.    There is no handicap lift at the Commons Pool whatsoever.

24.    At all times relevant to these proceedings, both Defendants had knowledge that there is no handicap lift at The Celebration North Village: The Commons Pool.

25.    The East Crescent Park Pool is owned and operated by the Defendant CROA and managed by Defendant CCMC.

26.    There is no handicap lift at the East Crescent Park Pool.

27.    At all times relevant to these proceedings, both Defendants had knowledge that there is no handicap lift at the East Crescent Park Pool.

## THE FLORIDA AND FEDERAL FAIR HOUSING ACT

28.    The Fair Housing Act, 42 U.S.C. Sec. 3601, *et. seq.*, enacted as the Title VIII of the

Civil Rights Act of 1968, and the Florida Fair Housing Act, Sec. 760.20 Florida Statutes, were

original enacted to prohibit discrimination on the basis of race, color, religion or national origin in

housing practices.

29.    In 1988, Congress extended coverage to handicapped persons.

30.    One of the purposes of the Fair Housing Act is to prohibit practices which "restrict

the choices" of people with disabilities to live where they wish, or which "discourage or obstruct

those choices in a community, neighborhood or development".

31.    42 U.S.C. Sec. 3604 (f) (2) prohibits discrimination against any person in the terms,

conditions, or privileges of the sale or rental of a dwelling, or in the provision of services or

facilities in connection with such dwelling, because of a handicap of that person.

32.    The Fair Housing Act defines "handicap" to be a "physical or mental impairment

which substantially limits one or more of such person's major life activities"

## THE ADA AND ITS IMPLEMENTING REGULATIONS

33.    On July 26, 1990, President George H.W. Bush signed into law the ADA, a

comprehensive civil rights law prohibiting discrimination on the basis of disability.

34.    The ADA broadly protects the rights of individuals with disabilities in employment,

access to State and Local government services, places of public accommodation, transportation and

other important areas of American life.

35.    Title III of the ADA prohibits discrimination in the activities of places of public

accommodation and requires places of public accommodation to comply with ADA standards and

to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. Sec. 12181-89.

36.     On July 26, 1991, the Department of Justice ("DOJ") issued rules implementing Title III of the ADA, which are codified at 28 CFR Part 36.

37.     Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 CFR part 36) contains the ADA standards for Accessible Design (1991 Standards), which were Based upon the Americans with Disability Act Accessibility Guidelines (1991 ADAAG) published by the Access Board on the same date.

38.     In 1994, the Access Board began the process of updating the 1991 ADAAG by establishing a committee composed of members of the design and construction industries, the building code community, and State and Local governmental entities as well as individuals with disabilities.

39.     In 1999, based largely on the report and recommendations of the advisory committee, the Access Board issued a notice of proposed rulemaking to update and revise its ADA and ABA Accessibility Guidelines.

40.     The Access Board issued final publication of revisions to the 1991 ADAAG on July 23, 2004 ("2004 ADAAG").

41.     On September 30, 2004, the DOJ issued an advance notice of proposed rulemaking to begin the process of adopting the 2004 ADAAG.

42.     On June 17, 2008, the DOJ published a notice of proposed rulemaking covering Title III of the ADA.

43. The long-contemplated revisions to the 1991 ADAAG culminated with the DOJ's issuance of the 2010 Standards for Accessible Design ("2010 Standards"). The 2010 Standards consist of the 2004 ADAAG and the requirements contained in subpart D of 28 CFR part 36.

## CONSTRUCTION OF COMMON ALLEGATIONS

44. This Complaint should be construed as if the allegations of paragraphs 1 through 43 are realleged and incorporated into each of the counts listed below.

## COUNT 1-VIOLATION OF FLORIDA AND FEDERAL FAIR HOUSING ACT

45. The allegations contained in the previous paragraphs are incorporated by reference.

46. The Fair Housing Act and the Florida Fair Housing Act are interpreted *in pari materia*. Both make it unlawful to refuse to make reasonable accommodations in rules, policies, practices or services when such accommodations may be necessary to afford persons with disabilities an equal opportunity to use and enjoy a dwelling.

47. A "reasonable accommodation" is a change, exception or adjustment to a rule, policy, practice or service that may be necessary for a person with a disability to have an equal opportunity to use and enjoy a dwelling, including public and common use spaces such as the Spring Lake Pool owned and operated by the Defendant. Since rules, policies, practices and services may have a different effect on persons with disabilities that they may have on individuals without disabilities, treating persons with disabilities exactly the same as others will sometimes deny them an equal opportunity to use and enjoy a dwelling.

48. Residents of the Celebration community, such as Plaintiff **DIANA BOYLE**, need accommodations to enable them to participate in the common area amenities of the community that are open to all residents, and a failure to permit an accommodation is tantamount to a denial of a housing opportunity.

49.     As a qualified individual with a disability, Plaintiff **DIANA BOYLE** was denied the opportunity to participate in, or benefit from, the housing, aid, benefit or service due to the failure of the Defendants to grant a reasonable accommodation and repair the handicapped pool lift at Spring Lake Pool.

50.     The Defendants were directly involved in making the decision to deny Plaintiff **DIANA BOYLE** the accommodations she required.

51.     The Defendants failed to afford Plaintiff **DIANA BOYLE** the opportunity for equal participation and benefit because of its failure to grant a reasonable accommodation because of Plaintiff **DIANA BOYLE'S** disability.

52.     The Defendants failed to provide Plaintiff **DIANA BOYLE** a reasonable accommodation that would afford her the same opportunity to access the programs and services as afforded to others due to the failure to grant accommodations to persons with disabilities.

53.     The Defendants have has failed to implement policies and procedures that explain how a person with a disability can request a reasonable accommodation, how such an accommodation will be processed, and how disabilities are determined.

54.     In refusing to remedy and or repair the handicap pool lift, the Defendants have decided to disregard the protected rights of Plaintiff **DIANA BOYLE.**

55.     In engaging in such activities, the Defendants have acted intentionally or recklessly violated the Plaintiff **DIANA BOYLE'S** civil rights and damaged the rights and feelings of the Plainitff.

56.     As a result of the Defendants' actions above, Plaintiff **DIANA BOYLE** was not able to receive the assistance that she needed as a person with a disability, which has created much

humiliation, embarrassment, emotional distress for both Plaintiff's and a deprivation of her right to equal housing opportunities regardless of her disability.

57.     As a result of the Defendants' actions above, Plaintiff **JAMES E. BOYLE** and Plaintiff **DIANA BOYLE** both suffer and continue to suffer irreparable loss, mental anguish and injury.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants, as follows: That the Defendants implement policies and procedures to allow reasonable accommodations to be provided to persons with disabilities., that the Defendants compensate the Plaintiffs for all compensatory and punitive damages allowed by law, that the Defendants pay the Plaintiffs' reasonable attorney's fees and costs for prosecuting this matter and any other relief the Court deems appropriate.

## COUNT II-VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

58.     The Plaintiff, DIANA BOYLE, is and, at all times relevant hereto, a resident of Celebration, Osceola County, Florida and is, at all times relevant hereto, a person that is legally disabled and therefore is a member of a protected class under the ADA, 42 U.S.C Sec. 12102 (2) and the regulations implementing the ADA set forth at 28 CFR Sec. 36.101.

59.     The Defendant CROA owns five (5) swimming pools located in the Celebration, Florida community, to wit, the Lakeside Pool located at 631 Sycamore Street, Celebration, Fl. 34747 and the Spring Lake Pool located at 1360 Ponce Drive, Celebration, Fl. 34747, East Crescent Park Pool located on Eastlawn Drive, Celebration North Village: The Commons Pool located on Celebration Blvd. and Spring Park pool located at Heritage Hall.

60.     The Defendant CCMC operates and manages the aforementioned five (5) swimming pools located in the Celebration, Florida Community.

61.     Title III of the ADA prohibits discrimination on the basis of a disability by a private entity in a place of public accommodation.

62.     The aforementioned five (5) swimming pools are part and parcel of the common areas of Celebration proper, and whose use is NOT restricted exclusively to residents of the community and their guests.

63.     Both Defendants permit the use of all the aforementioned five (5) swimming pools for swimming lessons that are open to the public at large, and not exclusively for the use of the residents and their guests, and accordingly fall within the purview of Title III of the ADA.

64.     The existence of barriers to use the aforementioned five (5) swimming pools have prevented Plaintiff DIANA BOYLE from utilizing any of the pools whatsoever. Upon information and belief, other disabled persons were also precluded from using any of the pools due to the absence of functioning pool lifts, or adequate access points.

65.     As a result of both Defendants' non-compliance with the ADA, the Plaintiff DIANA BOYLE, unlike persons without disabilities, cannot independently use the Defendants' pools.

66.     In violation of Section 242.2 of the 2010 ADA Standards, the Defendants do not have a pool lift or other acceptable means of entry complying with Section 1009.2.

67.     Though both Defendants have centralized policies regarding the management and operation of its common areas, the Defendants have never had a plan or policy that is reasonably calculated to make of its swimming pools fully accessible to and independently usable by disabled people.

68.     As a disabled person who is required to use a powered wheelchair, Plaintiff DIANA BOYLE has a keen interest in whether public accommodations are fully accessible to, and

independently usable by, the disabled, specifically including an interest in ensuring that all the pools

possess all of the features required by the 2010 Standards.

69.     Without injunctive relief, Plaintiff will continue to be unable to independently use

the subject swimming pools in violation of her rights under the ADA.

70.     The Defendants have discriminated against the Plaintiff in that it has failed to make

its public accommodation services fully accessible to, and independently usable by, individuals who

are disabled in violation of 42 U.S.C. Sec. 12182(a) and Sec. 12182(b)(2)(iv) and Secction 242.2 of

the 2010 standards, as described above.

71.     Compliance with the requirements of Section 242.2 of the 2010 Standards would

neither fundamentally alter the nature of the Defendants' services nor result in an undue burden for

the Defendants.

72.     Pursuant to Section 44 of the IRS Code, Defendants may be able to obtain a tax

credit and tax deduction where it complies with the ADA. The tax credit can be used to offset the

cost of undertaking barrier removal and alterations to improve accessibility.

73.     Compliance with 42 U.S.C. Sec. 12182(b)(2)(A)(iv) and Section 242 of the 2010

Standards, as described above, is readily achievable by the Defendants due to the low costs of

installing a fixed pool lift or lifts at all the above-noted subject pools.

74.     Defendants' conduct is ongoing, and given that the Defendants have never complied

with the ADA's requirements that public accommodations make services fully accessible to, and

independently usable by, disabled individuals, Plaintiff DIANA BOYLE invokes her statutory right

to declaratory and injunctive relief, as well as costs and attorney's fees.

75.     Without the requested injunctive relief, specifically including that the Court retain

jurisdiction of this matter for a period to be determined after the Defendants certify that that they are

fully in compliance with the mandatory requirements of the ADA that are discussed above, Defendants' non-compliance with the ADA's requirements that its pools be fully accessible to, and independently usable, by disabled people id likely to recur.

**WHEREFORE,** the Plaintiffs demand judgment against the Defendants, as follows: A Declaratory Judgment that at the commencement of this action  the Defendants were in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that the Defendants took no action that was  reasonably calculated to ensure that all of its pools were fully accessible to, and independently usable by, disabled individuals; a Permanent Injunction pursuant to 42 U.S.C. Sec. 12188 (a) (2) and 28 CFR Sec. 36.504 (a) which directs the Defendants to take all steps necessary to bring its pools into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the pools are fully accessible to, and independently usable by, disabled individuals, specifically including pool lifts as required by Section 242.2 and 1009.2 of the 2010 Standards, and which further directs that the Court shall retain jurisdiction for a period of time to be determined after the Defendants have certified that all of its pools are fully in compliance with the relevant requirements of the ADA and to ensure that the Defendants have adopted and is following an institutional policy that will in fact cause the Defendant to remain fully in compliance with the law; payment of costs of suit; payment of reasonable attorney's fees pursuant to 42 U.S.C. Sec. 12205 and 28 CFR Sec. 36.505; and, the provision of whatever relief this Court deems just, equitable and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

,

DATED: August 15, 2017

/s/ Justin R. Infurna, Esq., LL.M.
**Justin R. Infurna**, Esq., LL.M
Florida Bar No.: 0084284
The Infurna Law Firm, P.A.
Attorney for Plaintiffs
121 South Orange Ave., Ste. 1500
Orlando, Florida 32801
Telephone: (800)-774-1560
Fax: (407) 386-3419
justin@infurnalaw.com